UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVIN C. CURTIS,<br><br>Plaintiff,<br><br>v.<br><br>CHASE DERMOTT, et al.,<br><br>Defendant. | CASE NO. 2:26-cv-01907-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's *pro se*, prisoner civil rights complaint. Dkt. 16 at 4. For the reasons below, the Court recommends the case be **DISMISSED** with prejudice.

**BACKGROUND**

On May 26, 2026, Plaintiff, a detainee of the Bergan County Jail, New Jersey, submitted a § 1983 civil rights complaint alleging her Fifth Amendment right to due process was violated while she was a prisoner of the Washington State Department of Corrections, earlier in the year. Because Plaintiff had neither paid the filing fee or apply nor applied to proceed IFP, the Clerk sent Plaintiff a deficiency notice directing Plaintiff to cure the deficiency by July 2, 2026, or the case may be dismissed. Dkt. 3.

On July 6, 2026 a report was filed recommending the case be dismissed because Plaintiff had failed to respond to the Clerk's deficiency notice. On July 27, 2026, the Honorable James L.

Robart adopted the recommendation and issued an order directing Plaintiff to pay the filing fee or apply to proceed IFP no later than August 10, 2026 or the case would be dismissed. Plaintiff failed to respond, and the Court dismissed the case on August 14, 2026.

On August 20, 2026, Plaintiff filed a motion to extend the time to apply for IFP status. The Court granted the motion and directed Plaintiff to submit an IFP application no later than October 1, 2026. On August 27, 2026, Plaintiff re-filed her complaint and submitted a prison trust application. The record in this case reveals Plaintiff has never submitted an IFP application and the Court on September 3, 2026 accordingly directed her to submit an IFP application. Dkt. 11. On September 17, 2026, Plaintiff submitted an IFP application, Dkt. 14, and permission to proceed IFP was granted by separate order.

In her complaint, Plaintiff alleges that while she was detained in a Washington Department of Corrections facility, Defendants "Chase Dermott," Steve Ewing," and "G. Reynold's" violated her due process rights under the Fifth Amendment. In specific, Plaintiff alleges:

> Intensive management Unit 20:00 hrs. After determining there was sufficient evidence, Plaintiff was served in 3/12/26. On 3/17/26, Plaintiff attended the hearing for the 724 before defendant Ewing. Plaintiff pled not guilty and argued that it is impossible to refuse cell while segregation also known as intensive management unit. On 3/17/26, defendant Ewing found Plaintiff guilty and Plaintiff filed her appeal later that day. On 4/6/26 the associate superintendent reversed and dismissed the 724 due to insufficient evidence. Admin code 137-28 also discusses the limited due process rights granted to prisoners in infraction hearings, including a right to a finding of guilt based on sufficient evidence. Refused to leave the law library defendant Dermatt approached plaintiff, and after convincing plaintiff to return to her cell, Defendant Dermott informed plaintiff that plaintiff would be infracted for refusing cell. On 3/30/26 Defendant Reynolds reviewed the infraction against a checklist for refusing cell infractions or 724's.

Dkt. 16 (complaint).

## DISCUSSION

Plaintiff contends her due process rights were violated because she was initially found guilty at a disciplinary hearing to have “refused cell” on March 17, 2026 and two weeks later the Assistant Superintendent reversed the finding on the grounds there was insufficient evidence. This claim alleging her initial infraction finding of guilt violated her due process rights fails. The complaint alleges Plaintiff was given notice of the infraction and was able to present an argument at her infraction hearing, as due process requires. However, Plaintiff’s claim which alleges she was found guilty of the infraction despite a lack of sufficient evidence does not constitute a due process violation. In fact, even the filing of false disciplinary charges, itself, does not violate due process where, as here, Plaintiff received the procedural protections that she was afforded: notice, hearing and a decision which she could appeal. *See Garrott v. Glebe*, 600 Fed. App’x 540, 545 (9th Cir. April 22, 2015) (Denying relief to petitioner claiming false evidence was presented at his disciplinary hearing noting prisoners have not right to be free from false accusations.) ; *see also Williams v. Foote,* 2011 WL 6968033 at * 12 (C.D. California Oct. 5, 2011) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (prisoners have “no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest,” but prisoners have “the right not to be deprived of a protected liberty interest without due process of law.””). Although Plaintiff complains she was initially found guilty of the infraction, the due process protections the prison afforded led to a reversal two weeks later.

The Court accordingly recommends the complaint be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

An objection to this report and recommendation must be filed by **October 22, 2026.** The Clerk shall note the matter for **October 23, 2026**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 8th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge